IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | In Chapter 11 |
| | ) | |
| **SUBURBAN WEST PROPERTIES, LLC** | ) | Case No. 13 B 18697 |
| d/b/a Baymont Inn & Suites, | ) | |
| | ) | Honorable Timothy A. Barnes |
| Debtor/Debtor-in-possession | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## AUTHORITY TO ENTER FINAL ORDER

Beach Business Bank ("Bank"), by its counsel Beverly A. Berneman, Robert R. Benjamin and Caren A. Lederer of Golan & Christie, LLP, submit the following Memorandum of Law in Support of this Court's Authority to Enter Final Order on Debtor's Motion for Sanctions , and states as follows:

### Introduction

The Seventh Circuit's recent decision in *Wellness International Network, Ltd. v. Sharif*, --- F.3d ---, 2013 WL 4441926, (7th Cir., 2013) addresses the limits of the Constitutional authority bankruptcy courts have to enter final judgments, orders and decrees. Concerned that the case may affect this Court's ability to pass on the instant proceedings, the Court requested simultaneous briefing on the impact of *Wellness International* on the Debtor's pending *Motion For Civil Contempt against Ahad Realty Estate, LLC, Beach Business Bank, and John Flanders Kennedy* (the "Motion for Sanctions"). In order to decide the Motion for Sanctions, the Court will have to determine if the Debtor holds an interest in commercial real property located in Macon, Georgia (the "Property").

The Bank has carefully reviewed *Wellness International*, the cases cited therein, and additional pertinent authority on the subject. As a result of this review, the Bank believes that

this Court has both Constitutional and statutory authority to enter a final order on the Motion for Sanctions.

## Discussion

A.  <u>The Motion for Sanctions is a Core, Proceeding.</u>

Courts have routinely recognized that asserted violations of the automatic stay are core proceedings.  28 U.S.C. 157(b)(2)(G), *Price v. Rochford,* 947 F.2d 829 (7th Cir., 1991).

However, since the United States Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011) *reh'g denied,* 132 S. Ct. 56, 180 L. Ed. 2d 924 (U.S. 2011) bankruptcy courts have wrestled with whether they have the Constitutional authority to render a final order even in a matter which is *per se* a core proceeding. In order to have Constitutional authority to enter a final order, even in a core proceeding, the action at issue must stem from bankruptcy itself or would necessarily be resolved in the claims-allowance process. *Wellness Int'l Network, Ltd. v. Sharif,* 12-1349, 2013 WL 4441926 *12 (7th Cir. Aug. 21, 2013).

The holdings in *Wellness International* and related cases do not interfere with this Court's Constitutional authority to enter a final order in the Motion for Sanctions. What emerges from the careful reading of these cases, and others, is that this Court may indeed enter a final order on the Debtor's claim that the Bank violated the automatic stay, notwithstanding the need to use Georgia state law.

In *Wellness International,* a creditor brought a multi-count adversary case against the debtor objecting to discharge under §727 of the Bankruptcy Code. The creditor also included a count to determine that a trust was an *alter ego* of the debtor so that the trust's assets became property of the estate. On appeal, debtor asserted that the Bankruptcy Court did not have the Constitutional authority to enter judgment on the *alter ego* count. The Bankruptcy Court's ability

to enter final orders on the objection to discharge counts was not challenged because "these claims stem from federal law, not state law, as the provisions of 11 U.S.C. § 727 provide the relevant rules of decision." *Id*. at \*18. However, the creditor's count alleging the *alter-ego* claim was "the stuff of the traditional actions at common law tried by the courts at Westminster in 1789." *Id.* The *alter ego* count was a stand-alone cause of action asserted by way of adversary. The claim did not derive from bankruptcy law; nor was it necessarily resolved by the resolution of the discharge objections. *Id.,* at \*19. The *Wellness International* Court likened the *alter-ego* count there to the tortious-interference claim in *Stern,* the fraudulent-conveyance claim in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S. Ct. 2782, 106 L. Ed. 2d 26 (1989) and the contract claim in *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S. Ct. 2858, 73 L. Ed. 2d 598 (1982). All of these were state-law claims plead as either counter-claims or adversaries, between private parties, stemming from and governed by state law, and intended to augment the bankruptcy estate. *Id.* Thus, despite "some factual overlap" with the discharge objections, the resolution of those federal claims did not require resolution of the *alter-ego* claim, and the bankruptcy court could not enter final judgment on that count. Due to issues beyond the scope of this discussion, the *Wellness International* court remanded the case back to the district court to determine whether the *alter ego* count was a core or non-core proceeding. If the court concluded that the count was a non-core proceeding, then the court may "treat the bankruptcy court's order purporting to enter final judgment on the alter-ego claim as proposed findings of fact and conclusions of law to be reviewed *de novo*." See Fed. R. Bankr.P. 9033(d). *Id* at \*21.

In this case, the Debtor accuses the Bank of violating the automatic stay. The Motion for Sanctions is not a state law cause of action.

  B. The Bankruptcy Court May Enter Final Orders
    <u>Regarding Alleged Violations of the Automatic Stay.</u>

Core proceedings specifically include violations of the automatic stay and the bankruptcy court has the Constitutional authority to adjudicate them. The automatic stay is a creature of the Bankruptcy Code, 11 U.S.C. §362, and has no common-law corollary. See, *In re Calderon,* 2013 WL 4068213 (E.D. Ark., 2013), citing *In re Glenn,* 359 B.R. 200, 206 (N.D. Ill., 2006). Congress assigned the adjudication of §362 actions exclusively to the bankruptcy court. *Id.,* citing *Glenn.* A §362(k)(1) action is "created by the Bankruptcy Code to ensure that those who violate the stay are held accountable so that the Debtor and its creditors are protected by the Bankruptcy system." *Id*. The protections of the automatic stay are so fundamental to the bankruptcy system that they should be viewed as "public rights." *Id*., citing *Granfinanciera,* 492 U.S. at 54. Cases asserting "public rights," even between private parties, are appropriate for agency resolution "with limited involvement by the Article III judiciary." *Granfinanciera,* 492 U.S. at 36.

Here, Debtor's Motion for Sanctions is based upon statutory provisions that are unique to the Bankruptcy Code and for which the Code provides the rules of decision. A final decision on a stay violation does not run afoul of *Wellness International*, or *Stern*, or any other case.

  C. The Bankruptcy Court May Enter Final Orders
    <u>Regarding Property of the Estate.</u>

In order to determine whether the Bank violated the automatic stay, this Court will need to determine whether the Property is "property of the estate." Bankruptcy judges have core jurisdiction to resolve disputes over ownership of property asserted to be property of debtor. See, *In re Chapman*, 209 B.R. 201 (N.D. Ill., 2001); *In re Muller,* 72 B.R., 280, 284 (C.D. Ill., 1984). Resolving competing claims to property that belonged to the debtor when it files a

petition in bankruptcy is one of the central functions of bankruptcy law. *Id.,* citing *Matter of Xonics,* 813 F.2d 127 (7th Cir., 1987). Bankruptcy courts apply state law or any other relevant authority in making a determination of what is estate property. *In re Schraiber,* 97 B.R. 937 (N.D. Ill., 1989).  Indeed:

> Analysis of state law issues to decide cases within its jurisdiction is an integral part of the daily work of the Bankruptcy Court. Were this Court to lack authority to decide such issues in cases otherwise within its jurisdiction, much of its work would grind to a halt.
>
> . . .
>
> Should Congress have intended Bankruptcy Courts to abstain from considering state law issues necessary to the determination of cases within its jurisdiction, it would have enacted a far different set of laws.

*Id.* at 940.

Section 541 of the Bankruptcy Code defines "property of the estate". While only an Article III judge may enter a final order depriving a party of its property, determining a debtor's interest in property does not deprive or augment the estate in any way. If the debtor owned the property, it is part of the estate; if the debtor did not, it never was. The issue arises from the bankruptcy itself and merely uses applicable state law to decide a set of facts. See, *Southeastern Materials, Inc.*, 457 B.R. 337 (M.D.N.C., 2012) (The need to apply state law does not deprive the bankruptcy court of authority to determine whether an asset is property of the estate.)

In *Southeastern Materials,* the Court had to decide whether certain disputed accounts receivable were estate property subject to the trustee's turnover power under §542(b). Applying *Stern,* the court found that the matter at issue was one that stems from the bankruptcy itself that is within the court's jurisdiction to decide. This conclusion is supported by the fact that actions for turnover occur exclusively under the Bankruptcy Code." *Id.,* at 357.

A determination of what is or is not property of the estate is a fundamental obligation of the Bankruptcy Court. *In re Felice,* 480 B.R. 401, 418 (D. Mass., 2012). The bankruptcy court has the authority to determine what is and is not property of the Debtor's bankruptcy estate and enter final orders regarding the same. *Id.*

In *Felice*, the debtor and his chapter 7 trustee disagreed over whether his beneficial interest in a family trust holding real property was property of his estate in light of the spendthrift clause. In a careful analysis, the court found statutory authority over a core proceeding under §157(b):

> By operation of §541 of the Bankruptcy Code, the filing of a bankruptcy petition creates an estate that either includes debtor's beneficial interest in the family trust or does not.
>
> The fact that Massachusetts law will decide the outcome is not dispositive of whether the proceeding is core of non-core.
>
> A proceeding to determine whether §541 beings a particular asset of the debtor into the estate is a core proceeding with the meaning of §157(b).

Further, the court reasoned that if the trustee was able to establish (under Massachusetts law) that the debtor's interest was property of the estate, "his action will not have augmented the estate with an asset belonging to a third party." *Id*. at 418.

> In sum, I conclude that an action under 11 USC 541 to determine whether an interest of the debtor is property of the estate stems from the bankruptcy, affects only the debtor's property interests, and does not augment the estate. Accordingly, a bankruptcy judge may decide the issue without wielding the judicial power of the United States and can enter a final judgment.

*In re Felice*, at *411. The *Felice* Court drew an interesting distinction, and decided that while it could determine finally the debtor's interest in the trust, a determination of the *extent* of that interest (a particular percentage interest), required proposed findings. *Id.,* at 422-3. The logical

basis for that distinction was that a dispute between the debtor and a third party about the existence or extent of the debtor's interest in property as of the petition date, which was fully ripened pre-petition and stood alone as a state law cause of action, was non-core. *Id., Felice* did not involve an asserted stay violation, however, so however applicable its reasoning might be in another context, that reasoning does not alter or undermine this Court's authority to enter a final order on the Debtor's Motion for Sanctions.

This Court must necessarily determine whether the Property is property of the estate, and therefore subject to the automatic stay, or not. For purposes of a stay violation, the "extent" of Debtor's claimed interest in the Property, whether 15% or 50%[1] or legal or equitable or otherwise, is not material, because *any interest at all* would be protected by the automatic stay. Therefore, this Court may resolve the issue of whether the Property is property of the estate and thus whether a violation of the automatic stays occurred by a final order. This Court's determination will be fully consistent with due process, the Constitution, and the principles articulated in *Stern*, *Ortiz*, and *Wellness International*.

In sum, the stand-alone, state-law causes of action propounded by way of adversary complaint or counterclaim in *Stern, Granfinanciera, Northern Pipeline,* and even *Wellness International,* are fundamentally and procedurally different from this Debtor's assertion of a stay violation. The determination of the Motion for Sanctions requires a §541 property determination by application of Georgia state law, does not deprive this Court of jurisdiction or Constitutional authority because the question *arises in* – and exclusively because of – this bankruptcy case.

---

[1] The testimony in transcripts of proceedings in the Georgia court consistently shows that the Debtor would have, at most, a 15% interest in the Property, if any. In one of the transcripts that the Debtor submitted to this Court, the Debtor crossed out "15%" in the transcript and wrote "50%" by hand in the margin.

{00160639.DOCX / 3}

**Conclusion**

For all the foregoing reasons and pursuant to the relevant authority, this court is authorized to enter a final order on the Debtor's Motion for Sanctions.

BEACH BUSINESS BANK,

By: */s/ Caren A. Lederer*
Caren A. Lederer
One of its attorneys

Beverly A. Berneman (ARDC # 06189418)
Robert R. Benjamin (ARDC # 0170429)
Caren A. Lederer (ARDC # 6244631)
GOLAN & CHRISTIE LLP
Attorneys for Beach Business Bank
70 West Madison, Suite 1500
Chicago, Illinois 60604
312-263-2300