IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 13-18697 |
| SUBURBAN WEST PROPERTIES, LLC ) | Judge Barnes |
| d/b/a Baymont Inn & Suites, ) | Chapter 11 |
| ) | |
| debtor/debtor-in-possession. ) | |

**MEMORANDUM OF LAW OF DEBTOR IN SUPPORT OF THE SUBJECT MATTER
JURISDICTION OF THE BANKRUPTCY COURT TO ENTER FINAL
JUDGMENTS REGARDING ITS MOTION FOR CONTEMPT**

NOW COMES SUBURBAN WEST PROPERTIES, LLC, d/b/a Baymont Inn & Suites ("Suburban" or "Debtor") by and through its attorneys, John H. Redfield of Crane, Heyman, Simon, Welch & Clar and as its Memorandum of Law in Support of the Subject Matter Jurisdiction of the Bankruptcy Court to Enter Final Judgment Regarding its Motion for Contempt, ("Memorandum"), states as follows:

**FACTUAL BACKGROUND**

On May 1, 2013 ("Petition Date"), Suburban filed a petition for an order of relief under Chapter 11 of the Bankruptcy Code ("Chapter 11 Case"). Prior to September 11, 2012, Ahad Real Estate, LLC ("Ahad") was the sole owner of a 95 room hotel commonly known as 3680 Riverside Drive, Macon, Georgia ("Property"). Ahad, which is owned by a medical doctor, Ahsan Usman, had a long history of struggling with the finances of the Property and its mortgagee, Beach Business Bank ("BBB"). In order to turn around the Property, Dr. Usman brought in Kenneth Moore to manage the Property. Ahad and

Suburban established their relationship through a Partnership Agreement dated September 13, 2012[1] and a quit claim deed dated January 18, 2013 was recorded on January 30, 2013 ("Deed").[2]

In January, 2010, Suburban and Ahad employed the law firm of Lovell & Myers, LLC to enjoin BBB, from proceeding with a non-judicial foreclosure sale scheduled for February 5, 2013.  On February 4, 2013, the Superior Court of Bibb County, State of Georgia, enjoined the foreclosure sale by entering an "Interlocutory Injunction for the period of not less than forth-five (45) days from the date of this Order or until such time thereafter upon further motion of Plaintiff and entry of an order or the final judgment by this Court ("Injunction").[3]

On March 1, 2013, the Georgia Court denied the motion of BBB to dissolve the Injunction.  One of the grounds BBB sought to dissolve the Injunction on March 1, 2013, was the due on sale clause of its mortgage as a result of the Deed to Suburban.  On March 1, 2013, the Judge denied the due on clause sale argument and the motion of BBB.[4] Notwithstanding the Injunction and the ruling of the Court that the due on sale clause was not applicable, BBB published a notice of foreclosure sale on April 13, 2013 to be held on May 7, 2013 in violation of the Injunction because Ahad violated the due on sale clause.[5]

---

[1] Suburban Exhibit 1.

[2] Suburban Exhibit 2.

[3] Suburban Exhibit 3, It should be noted that BBB contends that the Injunction expired on March 21, 2013, which is contrary to the language of the Injunction.

[4] Suburban Exhibit 2 to Suburban's Reply to BBB Response.

[5] Suburban Exhibit 1 to Suburban's Reply to BBB Response.

On or about April 1, 2013, BBB, Usman and Ahad settled their claims resulting in Ahad receiving $50,000, a release of guaranties and cessation of litigation, including the state court litigation and a California Arbitration proceeding.[6] To effectuate the settlement, Ahad filed a lawsuit in Bibb County Georgia under Case No. 13-CV-59033, seeking injunctive relief against Kenneth Moore, the principal of Suburban, individually, and d/b/a Suburban West Properties, LLC. On or about April 4, 2013, Ahad caused John Flanders Kennedy to be appointed Receiver ("Receiver") over the Property pursuant to an *ex parte* motion.

On April 18, 2013 at a hearing to dissolve the *ex parte* order, Judge Brown discovered that the BBB recorded a foreclosure deed dated February 5, 2013 on April 18, 2013 in violation of the Injunction.[7] As a result, Judge Brown declared the alleged foreclosure void and ordered BBB to show cause on May 3, 2013, why it should not be held in contempt of court for violating the Injunction. On April 19, 2013, an Order Memorializing the Injunction was executed by the Court and recorded.[8] Immediately thereafter on April 19, 2013, BBB recorded a Security Deed dated February 27, 2013 securing a $450,000 note of Macon in further violation of the Injunction.

On May 1, 2013, Suburban filed its Chapter 11 case and Kenneth Moore filed a personal Chapter 7 case on May 2, 2013. On May 3, 2013, at the hearing on the above rule to show cause Ahad, Macon, BBB and Kennedy consummated their settlement by

---

[6] Suburban Exhibit 9, pages 2-7.

[7] Suburban Exhibit 7 pages 24-31.

[8] Suburban Exhibit 11.

-3-

having the Georgia State Court enter an order in both state court civil proceedings retroactively approving the foreclosure deed dated February 5, 2013 and withdrawing the Injunction are in willful violation of the automatic stay.[9]  Kennedy also had his receiver's fee approved exceeding $48,000.00.  It is the position of Suburban that the foreclosure sale never took place on February 5, 2013 based on admissions by Burt Wilkerson as attorney for BBB that the sale was continued, and re-noticed for May 7, 2013.[10]

As a result of knowingly and willingly violating the automatic stay on May 3, 2013, Ahad and Usman received releases and $50,000 from BBB.  Kennedy received a receiver's fee exceeding $48,000, Macon allegedly obtained ownership of the Property at a bargain basement price and BBB allegedly obtained its foreclosure of the Property and Macon as a new borrower.  Before the order in violation of the automatic stay was obtained on May 3, 2013, the Deed dated February 5, 2013 was void, BBB was on the verge of being held in contempt of court, Macon had nothing and Kennedy was without his receiver's fee.  As a result of the above conduct, Suburban has filed pleadings to have the above transaction declared void in violation of the automatic stay and for sanctions for willfully and knowingly violating the automatic stay.

## ISSUE

Whether the Bankruptcy Court has subject matter jurisdiction to enter final judgments and orders with respect to the above motion of Suburban for contempt.

---

[9]Suburban Exhibit 15.

[10]Suburban Exhibit 4 and Suburban Exhibit 1 to Suburban's Reply to Response of BBB.

## **DISCUSSION**

The Court requested the parties to analyze *Stern v. Marshall*, _____ U.S. ___, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011) ("*Stern*"); *Wellness International Network, Ltd. V. Sharif*, 2013 WL 4441926 (7th Cir. 2013) ("*Wellness*"), and *Ortiz v. Aurora Health Care, Inc.* (*In re Ortiz*), 665 F.3d 906 (7th Cir. 2011) ("*Ortiz*"). What the above three cases have in common is that they deal with the "related to" jurisdiction of the bankruptcy. *Marshall* dealt with a state law cause of action that was a counterclaim to a proof of claim. *Ortiz* was a counterclaim based on a cause of action related to Wisconsin statute and *Wellness* was an alter ego state law cause of action that was filed as a count to a discharge complaint. The claims in *Stern*, *Ortiz,* and *Wellness* were state law causes of action, not dependant on bankruptcy law, not involving public rights or involving a particular area of law. The claims in *Stern*, *Ortiz* and *Wellness* existed independent of bankruptcy law. Generally, the claims in the above cases were pursued to enhance the bankruptcy estate.

In the instant case, the automatic stay litigation is a core matter that arises in the bankruptcy case and under title II. It is not a "related to" jurisdictional matter. In this case, the action of the Debtor is not independent of the bankruptcy code. *Wellness, supra* at p. 912. The instant case is a core matter pursuant to 28 U.S.C. Section 157(b)(2)(A),(E),(G),(K), (M) and (O), that generally involves arising in subject matter jurisdiction. On May 1, 2013, the Debtor filed this bankruptcy case triggering the bankruptcy court jurisdiction and the automatic stay pursuant to 11 U.S.C. Section 362. Notwithstanding the automatic stay, the adverse parties proceeded against bankruptcy estate property to affect its title, possession and proceeds. The litigation involves "arises

in" jurisdiction because it is based on bankruptcy code statutes, and it is brought to protect and to preserve the bankruptcy estate. In this case, the litigation would not exist but for the filing of the bankruptcy case. The mere fact that its resolution may be affected by state law does not cause it to be not a core proceeding. *Wellness, supra*, at p. 10. In this case, the litigation is dependent on the bankruptcy code, and involves "arises in" jurisdiction. The litigation does not involve an independent cause of action or claim to enhance the bankruptcy estate.

## **CONCLUSION**

Because the litigation is a core matter that arises in the bankruptcy case and is not an independent claim or cause of action, the bankruptcy court may enter a final order or judgment regarding the motion of Suburban for contempt. The litigation does not involve a "related to" jurisdiction matter that is independent of the bankruptcy code that would require a jury trial such as a state law tort or statutory claim. *Stern, Ortiz* and *Wellness* are not applicable to the instant case because the litigation in question does not involve the "related to" jurisdiction of the bankruptcy court. The matter before the Court involves "arising in" subject matter jurisdiction, and is a basis core proceeding.

WHEREFORE, SUBURBAN WEST PROPERTIES, LLC, d/b/a Baymont Inn & Suites, debtor/debtor-in-possession herein, prays for the entry of appropriate Orders against Beach Business Bank, Macon Properties, LLC, Ahad Real Estate and John Flanders Kennedy for willful violations of the automatic stay, and for such other Order as the Court deems just and appropriate.

        Respectfully submitted:
        SUBURBAN WEST PROPERTIES, LLC,
        d/b/a Baymont Inn & Suites


        By: /s/John H. Redfield
            One of its attorneys

**DEBTOR'S COUNSEL**:
John H. Redfield
(Atty. No. 2298090)
CRANE, HEYMAN, SIMON, WELCH & CLAR
135 S. LaSalle, #3705
Chicago, IL 60603
(312) 641-6777
W:\JHR\Suburban West Properties\Mem in Supp re Juris to Ent. Final Jud.MEM.wpd